UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:25-cv-07634-AH-(PVCx) | Date September 13, 2025 |
| Title *Vinson Investments LLC v. Tony Yousif, et al.* | |

Present: The Honorable  Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION AND ADDRESSING MOTIONS FOR RELIEF PURSUANT TO FED. R. CIV. P. 6(b) (DKT. NOS. 12, 14)

Defendant Tony Yousif ("Yousif") filed a Motion for Relief Pursuant to Fed. R. Civ. P. 6(b) seeking an extension of time up to and including October 8, 2025, to respond to Plaintiff's First Amended Complaint, with a proposed hearing date of September 24, 2025. Dkt. No. 12. The accompanying declaration of counsel indicates that Plaintiff does not oppose the motion. Dkt. No. 13 at 3. Yousif subsequently filed a Second Motion for Relief seeking (1) the hearing on the matter to be reset to October 15, 2025, and (2) an extension of time up to and including October 29, 2025, to respond to Plaintiff's First Amended Complaint. Dkt. No. 14. The Court then issued an entry resetting the hearing date to October 15, 2025. Dkt. No. 17.

In the future, if the parties reach an agreement, they should file a stipulation and proposed order for the Court's consideration, rather than a motion. Nonetheless, in light of Plaintiff's apparent non-opposition to the request for an extension up to and including October 8, 2025, the Court grants the motion. Dkt. No. 12. The Second Motion is denied without prejudice; the parties may file a stipulation if necessary. Dkt. No. 14. Yousif shall file and serve his responsive

Case 2:25-cv-07634-AH-PVC     Document 18     Filed 09/13/25     Page 2 of 3     Page ID #:300

pleading by October 8, 2025.  The October 15, 2025, hearing date is vacated and removed from the calendar.

Moreover, the Court has questions about whether it has jurisdiction over this individual action.  Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006).  Additionally, federal courts have an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. §§ 1331, 1332(a).  A complaint filed in federal court must contain "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  Where a party contests, or the court questions, a party's allegations concerning the amount in controversy, both sides shall submit proof, and the court must decide whether the party asserting jurisdiction has proven the amount in controversy by a preponderance of the evidence.  *Id.* at 88–89; *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.), *amended on denial of reh'g by*, 387 F.3d 966 (9th Cir. 2004).

The Court has reviewed the Notice of Removal and is presently unable to conclude it has subject matter jurisdiction under 28 U.S.C. § 1332(a).  First, the Notice of Removal does not adequately plead the citizenship of the parties.  *See, e.g.*, *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016) ("[W]ith respect to a limited liability company, the citizenship of all of the members must be pled." (citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006))).  Second, Ranch alleges snap removal is proper and Yousif was fraudulently joined – allegations to which Plaintiff has not responded.  Dkt. No. 1.

Page 2 of 3            CIVIL MINUTES – GENERAL            Initials of Deputy Clerk YS

     The parties are ORDERED TO SHOW CAUSE, in writing, **within fourteen (14) days** from the date of this Order, why this action should not be remanded for lack of subject matter jurisdiction. Responses shall be limited to ten (10) pages in length.

**IT IS SO ORDERED.**